UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

GILBERTO OLIBENCIA,

                         Plaintiff,

-against-                                      9:24-CV-215 (LEK/CFH)

JOHN and/or JANE DOE #1
and JOHN and/or JANE DOE #2,

                         Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On February 13, 2024, pro se Plaintiff Gilberto Olibencia commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). On May 21, 2024, the Court issued a Memorandum-Decision and Order finding that some of Plaintiff's claims survived *sua sponte* review, directing the New York State Attorney General's Office to produce the names of several Defendants unidentified by Plaintiff, and giving Plaintiff leave to amend his Complaint. Dkt. No. 8 ("May Order"). The Attorney General's Office provided the names of Defendants on June 5, 2024, Dkt. No. 11, and Plaintiff filed an amended complaint, Dkt. No. 18 ("Amended Complaint").

The Court now reviews the Amended Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). For the reasons that follow, the Court finds that some of Plaintiff's claims survive *sua sponte* review, and his other claims are dismissed.

1

## II. BACKGROUND

### A. The Complaint and May Order

In his Complaint, Plaintiff named Wallkill Correctional Facility Superintendent Melecio and several "Doe" officials as defendants, including Wallkill Correctional Facility Medical Director John Doe #1, Wallkill Correctional Facility Regional Medical Director Jane Doe #1, Wallkill Correctional Facility Regional Medical Director John Doe #2, Wallkill Correctional Facility Nurse Administrator Jane Doe #2, and four employees of Montefiore Mount Vernon Hospital. Compl. at 3.[1]

Plaintiff's individual capacity medical indifference claims against Wallkill Correctional Facility Medical Director John Doe #1, Wallkill Correctional Facility Regional Medical Director Jane Doe #1, Wallkill Correctional Facility Regional Medical Director John Doe #2, and Wallkill Correctional Facility Nurse Administrator Jane Doe #2 survived *sua sponte* review, and his remaining Section 1983 claims were dismissed for failure to state a claim upon which relief may be granted. May Ord. at 16.

### B. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint asserts Section 1983 claims against various DOCCS officials and employees of Montefiore Mount Vernon Hospital, for violation of the Eighth Amendment based on inadequate medical treatment. *See* Am. Compl. at 3–9. The following facts are set forth as alleged in the Amended Complaint.

Plaintiff is seventy-one years old and "suffers from a number of medical condition[s]" known to DOCCS officials, including Defendant Wallkill Correctional Facility Superintendent

---

[1] Citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Paul Melecio. *Id.* at 4. In or around 2021, "[P]laintiff started making a number of sick call request[s] to be seen by medical staff at Wallkill, due to [P]laintiff experiencing severe pain towards the left shoulder, abdomen, testicles, and back," and suffering from "fevers, night sweats, body aches and los[s] of sleep and appetite." *Id.* At some point, Plaintiff was seen by the Wallkill Correctional Facility Medical Director, Defendant James Gettler, and the Wallkill Correctional Facility Nurse Administrator, Defendant Pauline Gilleo, who both "provided little to any medical attention for [P]laintiff's symptoms" and allowed "multiple medical trips [to be] canceled with little regard[ ] to [P]laintiff[']s emergencies and symptoms of pain and suffering." *Id.*

Plaintiff made "numerous complaints" to Defendants Melecio, Gettler, and Gilleo regarding the cancellation of his medical trips and delay in his receipt of medical treatment. *Id*. at 4–5. Defendant Gilleo "often times delay[ed] outside medical trips intentionally due to cost." and Defendants Melecio, Gettler, and Gilleo received "multiple complaint[s]" from different incarcerated individuals regarding delayed treatment for "needed medical care." *Id.* at 5.

In or around 2021, "[P]laintiff was diagnosed with a left shoulder rotator cuff tear." *Id.* at 5. Plaintiff submitted "multiple complaints" regarding his condition to Defendants Melecio, Gettler, and Gilleo before he received medical treatment in 2022. *Id.* Plaintiff was sent to Montefiore Mount Vernon Hospital for shoulder surgery. *Id.*

While at Montefiore Mount Vernon Hospital, Plaintiff "contracted a severe infection" due to the failure of seven medical professionals working at the hospital (hereinafter, "John/Jane Doe #1–7") to change his catheter. *Id.* at 6. Plaintiff's infection "was so severe" that he suffered from "a high fever," yet John/Jane Doe #1–7 still failed to change his catheter. *See id*.

3

Upon returning to Wallkill Correctional Facility, Defendants Melecio, Gettler, and Gilleo became aware that Plaintiff's "medical health" was "failing," and that Plaintiff had prostate cancer, which "could have been diagnosed at an earlier time," but for the failure of these officials to address "[P]laintiff's [prior] pleas for urgent medical care." *Id.*

Plaintiff submitted "multiple grievance[s]" regarding the failure to treat his prostate cancer, "which were ignored until [he] directly complained to Defendants [Gettler and Gilleo]." *Id.* at 7. Defendant Melecio was "on direct notice" of Plaintiff's grievances, which were "ruled in [his] favor." *Id.*

Through Plaintiff filing a "Notice of Intent" with the New York State Attorney General, which was received on October 11, 2022, all of the named defendants were on notice regarding the severity of Plaintiff's medical condition and need for urgent care. *Id.* at 7–8.

The Court liberally construes the allegations in the Amended Complaint to assert Eighth Amendment medical indifference claims against Defendants Melecio, Gettler, Gilleo, and John/Jane Doe #1–7 in their individual and official capacities, and the State of New York. *Id.* at 3, 8–9. Plaintiff seeks money damages. *Id.* at 10.

### III.    LEGAL STANDARD

Because Plaintiff is proceeding in forma pauperis (IFP) and is an inmate suing one or more government employees, his Amended Complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, a court should dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a

4

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the compliant, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint, a court must show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The pleading standard required by Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (cleaned up).

## IV. DISCUSSION

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights, . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

### A. Hospital Defendants

As noted in the May Order, Montefiore Mount Vernon Hospital is part of Montefiore Health System, which is a private hospital system. *See* May Ord. at 6. The Amended Complaint is devoid of any allegations which plausibly suggest that any Defendants employed at the hospital were engaged in state action as defined under the compulsion test, the public function test, or the joint action test. *See id.* at 6–8.

Accordingly, and for the reasons set forth in the May Order, Plaintiff's Section 1983 claims against John/Jane Doe #1–7 are dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### B. Eleventh Amendment

As noted in the May Order, "it is well-settled that Congress did not abrogate state immunity through Section 1983," and "New York has not waived its immunity for Section 1983 claims." May Ord. at 8. Furthermore, the Amended Complaint does not seek prospective injunctive relief. *See* Am. Compl. at 10.

Accordingly, and for the reasons set forth in the May Order, Plaintiff's official capacity claims against Defendants Gettler, Gilleo, and Melecio and his Section 1983 claim against the

6

State of New York are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.

### C. Remaining Section 1983 Claims

The allegations in the Amended Complaint are materially similar to the allegations in the original Complaint with respect to Plaintiff's medical indifference claims against the Wallkill Correctional Facility Medical Director and the Wallkill Correctional Facility Nurse Administrator. Accordingly, and for the reasons set forth in the May Order, Plaintiff's medical indifference claims against Defendants Gettler and Gilleo survive initial review and require a response. *See* May Ord. at 9–11. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

Further, Plaintiff alleges in the Amended Complaint that he submitted multiple complaints and grievances regarding his health concerns, which Defendant Melecio was aware of. Am. Compl. at 5–7. Although the documents attached to the Amended Complaint do not include any grievances filed prior to September 19, 2022, when Plaintiff had already received shoulder surgery and been informed of his cancer diagnosis, the Court finds that Plaintiff has alleged enough for his medical indifference claims against Defendant Melecio to survive *sua sponte* review. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that that the Amended Complaint, Dkt. No. 18, is accepted for filing and will supersede and replace the Complaint as the operative pleading; and it is further

**ORDERED** that the Clerk shall add Paul Melecio, James Gettler, and Pauline Gilleo as Defendants in this action and terminate Wallkill Correctional Facility Medical Director John Doe #1 and Wallkill Correctional Facility Nurse Administrator Jane Doe #2; and it is further

**ORDERED** that Plaintiff's Eighth Amendment medical indifference claims against Defendants Gettler, Gilleo, and Melecio in their individual capacities **SURVIVE** *sua sponte* review and require a response; and it is further

**ORDERED** that Plaintiff's Eighth Amendment medical indifference claims against the State of New York and against Defendants Gettler, Gilleo, and Melecio in their official capacities are **DISMISSED with prejudice** as barred by the Eleventh Amendment; and it is further

**ORDERED** that Plaintiff's Section 1983 claims against Defendants John/Jane Doe #1–7 are **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, as set forth above; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with three copies of the Amended Complaint, to the United States Marshal for service upon Defendants Gettler, Gilleo, and Melecio. The Clerk shall forward a copy of the summons and Amended Complaint by electronic mail to the New York State Attorney General's Office, together with a copy of this Memorandum-Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the Amended Complaint be filed by Defendants Gettler, Gilleo, and Melecio, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 15, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge